IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN JOSE GUARDADO,

        Petitioner,

v.

COREY FHUERE,

        Respondent.

Case No. 6:24-cv-00052-SI

OPINION AND ORDER

Juan Jose Guardado
21521388
2605 State Street
Salem, OR 97310-0505

        Petitioner, *Pro Se*

Dan Rayfield, Attorney General
Daniel T. Toulson, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of a Yamhill County conviction dated May 17, 2017. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

On May 31, 2016, while Petitioner was incarcerated at the Yamhill County Jail, he engaged in over the clothing touching of his bunkmate's genitals. The bunkmate was asleep at the time, but woke up to the touching. A third AIC witnessed the incident, and the Yamhill County prosecutor indicted Petitioner on a single count of Sexual Abuse in the First Degree under the theory that he sexually assaulted his bunkmate who was incapable of consenting to the touching by virtue of being asleep. Respondent's Exhibit 102.

A unanimous jury convicted Petitioner, and the prosecution argued that because this constituted Petitioner's third sex-related felony conviction, he should be sentenced to life without parole pursuant to ORS 138.719.[1] The trial judge agreed that the newest conviction constituted Petitioner's third felony sex crime. However, she found substantial and compelling reasons not to impose the presumptive life sentence prescribed by statute and, instead, sentenced Petitioner to 180 months in prison. Respondent's Exhibit 101, pp. 6-7.

Petitioner took a direct appeal where he argued two issues: (1) the trial court erred when it failed to instruct the jury that it could not find him guilty unless the State proved that he actually knew that the victim was incapable of consent; and (2) the trial court plainly erred when it relied upon a California crime from Petitioner's criminal history as a qualifying predicate offense for

---

[1] ORS 138.719 establishes a presumptive life sentence without the possibility of parole if the defendant has, twice prior to his current offense, been convicted of a felony sex crime. Any such prior convictions may be from any state or federal court. ORS 137.719(3)(b)(B).

purposes of ORS 138.719. The State conceded that the California crime was not an eligible offense that could justify the enhanced sentence imposed under ORS 138.719 and that, even though the claim was unpreserved, it constituted plain error such that the Oregon Court of Appeals could address the issue on the merits. *See Ailes v. Portland Meadows, Inc.,* 312 Or. 376, 3825 n. 6, 823 P.2d 956 (1991) (providing standards of plain error review of unpreserved claims in the Oregon Court of Appeals). In a written opinion, the Oregon Court of Appeals rejected the first claim without discussion, found the second claim amounted to plain error, and remanded the case for resentencing. Consistent with that decision, upon remand, the trial court sentenced Petitioner to 75 months in prison. *State v. Guardado,* 292 Or. App. 773, 421 P.3d 426 (2018). Petitioner sought further appellate review in the Oregon Supreme Court, but it denied review. 363 Or. 817, 431 P.3d 423 (2018).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where he raised five claims of ineffective assistance of trial counsel, all of which the PCR court denied. Respondent's Exhibit 134. In two of those claims, Petitioner alleged that counsel was ineffective because, where the State had not proven that Petitioner actually knew the victim was incapacitated, it was incumbent upon counsel to: (1) move for a judgment of acquittal; and (2) seek a jury instruction regarding the actual knowledge component of the crime. When the PCR court denied relief on these claims, it found that Oregon law required only that the prosecution prove the victim's incapacity, not that Petitioner knew of the incapacity. *Id.* at 2-3.

During his PCR appeal, Petitioner pursued only his claims that counsel should have moved for a judgment of acquittal and a specific jury instruction based upon Petitioner's lack of knowledge regarding the victim's incapacity. The Oregon Court of Appeals issued a written but non-precedential decision in which it quoted its own longstanding precedent concerning on the

*mens rea* issue: "[i]t is clear * * * that the legislature did not intend to require the state to prove that defendant acted with a culpable mental state with regard to whether the victim lacked the mental capacity to consent." *Guardado v. Kelly,* 326 Or. App 90, 91 (2023) (quoting *State v. Phelps,* 141 Or. App. 555, 558, 220 P.2d 1098, *rev. denied,* 324 Or. 306 (1996)). Petitioner petitioned the Oregon Supreme Court for review, but was unsuccessful. 371 Or. 535, 538 P.3d 1220 (2023).

On January 8, 2024, Petitioner filed his Petition for Writ of Habeas Corpus in which he raises seven grounds for relief that can be summarized as follows:

> 1. The trial court erred when it failed to instruct the jury that it needed to find that Petitioner knew the victim was asleep and, thus, incapable of consenting to the sexual touching;
>
> 2. Trial counsel was ineffective when he failed to request a jury instruction that Petitioner must have known that the victim was incapable of consent;
>
> 3. Trial counsel was ineffective for failing to move for a judgment of acquittal due to the State's failure to prove that Petitioner knew the victim was incapable of consent;
>
> 4. Trial counsel was ineffective when he failed to provide Petitioner with all discovery, thereby violating his right to aid and assist in his own defense;
>
> 5. Trial counsel was ineffective during closing argument when he failed to identify inconsistencies in the State's witnesses' testimony and evidence;
>
> 6. Trial counsel was ineffective when he failed to object to an unconstitutional trial condition that prevented Petitioner from viewing video evidence, depriving him of his ability to aid and assist in his own defense, and violating his constitutional right of confrontation;
>
> 7. Trial counsel failed to offer evidence to impeach testimony adduced from the victim and third-party witness, and failed to argue

>that the investigation into the incident giving rise to the Indictment was insufficient.

Petition (#1), pp. 5-7.

Respondent asks the Court to deny relief on the Petition because: (1) Petitioner failed to fairly present Grounds One, Four, Five, Six, and Seven to Oregon's state courts, leaving them procedurally defaulted and ineligible for merits review; and (2) the Oregon Court of Appeals' decision denying relief on Grounds Two and Three was not unreasonable.

## DISCUSSION

### I. Exhaustion and Procedural Default

#### A. Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted

a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.    Analysis**

Petitioner concedes that he failed to fairly present Grounds One, Four, Five, and Six to Oregon's state courts, leaving them procedurally defaulted. He asserts, however, that he did fairly present the claims in Ground Seven to the Oregon Supreme Court because he included them in his Supplemental *Pro Se* Petition for Review. *See* Respondent's Exhibit 140. Oregon Supreme Court review is limited, however, only to questions that were properly before the Oregon Court of Appeals. ORAP 9.20(2); *State v. Link*, 367 Or. 625, 638, 482 P.3d 28 (2021) (en banc) (only claims which were properly before the Oregon Court of Appeals are eligible for review by the Oregon Supreme Court); *State v. Castrejon*, 317 Or. 202, 856 P.2d 616, 622 (1993) (same). Petitioner acknowledges that he did not first raise Ground Seven in his PCR proceeding or in the Oregon Court of Appeals, but points out that the Oregon Supreme Court "retains the inherent authority to allow or deny any petition for review." ORAP 9.07. He reasons that even though he did not raise Ground Seven in the proper procedural context, the latitude enjoyed by the Oregon Supreme Court as Oregon's highest state court suggests that he provided it with a fair opportunity to pass upon the merits of his claims.

A petition for review by the Oregon Supreme Court is limited to reviewing errors allegedly made by the Oregon Court of Appeals. *See* ORAP 9.05 (titled "Petition for supreme court review of court of appeals decision"). Because Petitioner failed to present his Ground Seven claims to the Oregon Court of Appeals, there was no decision to review, and the Oregon Supreme Court was

not in a position to conclude that the Oregon Court of Appeals erred when it did not address an unraised, nonexistent claim.² He therefore failed to fairly present Ground Seven to the Oregon Supreme Court in a context in which the merits of the claim could reasonably be considered. Because the time for doing so passed long ago, Ground Seven is procedurally defaulted.

Petitioner first asks the Court to excuse the procedural default of his claims because he included them in his *Church* motion to the PCR court.³ He argues that he was unaware until only recently that their inclusion in such a motion did not actually present the claims to the PCR court for its consideration. He maintains that "due to no fault of his own Petitioner was not aware of the process that he was required to follow in order to fully exhaust the claims." Reply (#34), p. 4. In this respect, he argues that his lack of legal knowledge constitutes cause to excuse his default.

A habeas petitioner seeking to overcome a procedural default through a showing of cause and prejudice must show that some external factor not attributable to him prevented him from complying with a state procedural rule, and that he suffered actual prejudice as a result. *Murray v.*

---

² Even if the Oregon Supreme Court could conduct such a "review," seeking merits review of an unpreserved claim and relying upon the highly remote possibility that discretionary appellate review might be granted in this situation might theoretically constitute "presentation," but it does not constitute "fair presentation." *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (a petitioner "must 'fairly present' his claim **in each appropriate state court**") (emphasis added). Only if the Oregon Supreme Court had in fact allowed review of the claim in this situation would fair presentation have been satisfied.

³ In *Church v. Gladden*, 244 Or. 308, 311-21, 417 P.2d 993 (1966), the Oregon Supreme Court held that where a litigant wishes to raise claims that his attorney refuses to pursue, he must inform the court of counsel's failure to follow a legitimate request. The litigant may ask to have counsel replaced, or he may request that the court require the attorney to comply with the litigant's request to add specific claims. The question a *Church* motion presents to a PCR court is "whether the petitioner has established that, in choosing which grounds for relief to raise, counsel has failed to exercise reasonable professional skill and judgment." *Bogle v. State,* 363 Or. 455, 471 (2018). In Petitioner's case, the PCR court did not order PCR counsel to add any of the claims contained within the Petition for Writ of Habeas Corpus to the operative PCR pleading. *See* Respondent's Exhibit 133, pp. 19-20.

*Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982). Petitioner's lack of legal knowledge does not constitute cause to excuse a procedural default. *See Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988) (an AIC who was forced to rely on AIC legal assistants could not establish cause to excuse a default) *Hughes v. Idaho State Bd. Of Corr.,* 800 F.2d 905, 909 (9th Cir. 1986) (even an illiterate AIC who has no legal assistance cannot demonstrate cause to excuse a default). Petitioner is therefore unable to establish cause and prejudice to excuse his default.

Petitioner also asks the Court to excuse his procedural default on the basis that he can make a gateway showing of actual innocence. He emphasizes that he is "not making a free-standing claim of actual innocence because he is not currently in possession of evidence of his innocence." Reply (#34), p. 12. He therefore asks the Court to permit him to develop evidence of his innocence at an evidentiary hearing in order to overcome his procedural default.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default.[4] The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—-that was not

---

[4] Petitioner, who cites to *Murray v. Carrier*, 477 U.S. 478 (1986), and *Maples v. Thomas,* 565 U.S. 266 (2012), in reference to his claim of actual innocence, takes issue with Respondent's citation to *Schlup*. He claims that *Schlup* is inapposite to his case. However, in *Schlup,* the Supreme Court thoroughly set out the process for district courts to evaluate gateway claims of actual innocence intended to help a habeas corpus petitioner overcome a procedural default. Indeed, as the Supreme Court later said, *Schlup* "establish[ed] the gateway standard" by which convicted persons could excuse a procedural default by way of a showing of actual innocence. *House v. Bell,* 547 U.S. 517, 555 (2006). *Carrier* and *Maples* did not set out different procedures by which a habeas corpus petitioner can establish a gateway claim of actual innocence.

presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). Ultimately, a petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this Court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

Petitioner asserts that his trial attorney failed to provide him with all of the evidence produced during discovery, and that counsel also failed to discover "all evidence that may have been available." Reply (#34), p. 12. He claims that once he brings all available evidence to light in an evidentiary hearing, he will explain its significance, it will become clear that the State's version of the case is not correct, and he will establish his innocence. He does not, however, specify the nature of the new evidence he intends to develop, nor does he identify how such evidence would tend to show his innocence. Petitioner's allegation that there "may have been [other evidence] available" that he might be able to develop during the course of an evidentiary hearing, Reply (#34), p. 12, and his failure to describe the nature of that evidence and its bearing on his claim of innocence, have "failed to show what . . . an evidentiary hearing might reveal of material import on his assertion of actual innocence." *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002). Petitioner's request for an evidentiary hearing is therefore denied. Because Petitioner is unable to identify new evidence of innocence, he is unable to establish a gateway claim of actual innocence so as to excuse his procedural default. He is therefore not entitled to habeas corpus relief on Grounds One, Three, Four, Five, Six, and Seven.

///

///

9 – OPINION AND ORDER

## II. The Merits

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id*.

///

### B.  Grounds Two and Three: Ineffective Assistance of Counsel

As Grounds Two and Three, Petitioner alleges that his trial attorney was ineffective in violation of the Sixth and Fourteenth Amendments when he failed to: (1) move for a judgment of acquittal when the State failed to prove that Petitioner knew the victim was incapable of consent by virtue of incapacity; and (2) ask the trial judge to instruct the jury that it could only find him guilty of Sexual Abuse in the First Degree if it found that he actually knew that the victim was incapable of consenting to the sexual touching. The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694.  A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland,* 466 U.S. at 693). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

Petitioner's ineffective assistance of counsel claims are both dependent upon his assertion that Oregon law required the State to prove that he knew the victim was incapable of consent. As recounted in the Background of this Opinion, the Oregon Court of Appeals addressed this issue directly and determined that state law imposes no such requirement. This state court interpretation of state law is binding on a federal court adjudicating a habeas corpus case. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Floyd v. Filson*, 949 F.3d 1128, 1146 (9th Cir. 2020) (even a state court's misreading of state law is not a ground for habeas corpus relief).

Petitioner nevertheless maintains that it was incumbent upon counsel to raise the *mens rea* issue because the Oregon Supreme Court had never resolved it, thus there was an opportunity to preserve the claim for appeal with the hope that the Oregon Supreme Court might disagree with the Oregon Court of Appeals. Petitioner is effectively asking this Court to fault his trial attorney for not attempting to usher in a change in state law. This is not a basis for an ineffective assistance of counsel claim. Indeed, even if the law had changed after Petitioner's trial (which it did not), *Strickland* would not be implicated because "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690); *see also Bejarano v. Reubart,* 136 F.4th 873, 904 (9th Cir. 2025) (failure to predict developments in state law is not deficient performance); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (lawyers not required to anticipate decisions, and conduct must be evaluated at the time of that conduct).

Because Oregon law did not require the State to prove that Petitioner knew of the victim's incapacity, counsel's performance did not fall below an objective standard of reasonableness when

he did not move for a judgment of acquittal on that basis or seek a jury instruction to that effect. The Oregon Court of Appeals' decision is therefore neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, Petitioner's request for an evidentiary hearing is denied, and the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

August 15, 2025
DATE

Michael H. Simon
United States District Judge

13 – OPINION AND ORDER